UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLTON G. JOYNER,

    Petitioner,

v.                                                   Case No. 4:20cv337-MW-HTC

MARK INCH,

    Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Carlton G. Joyner, proceeding *pro se* and *in forma pauperis*, filed a petition under 28 U.S.C. § 2254. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the petition be DISMISSED as an unauthorized successive petition barred under 28 U.S.C. § 2244(b).

**I.    THE PETITION**

Joyner challenges his conviction for armed robbery of a pool hall in the Second Judicial Circuit Court for Leon County case number 2005-CF-1777B. ECF Doc. 1 at 1. He brings one ground for relief: a claim of newly discovered evidence

in the form of a newly discovered witness, Cecil Gardner, who filed an affidavit in support of Joyner. *Id.* at 6. In the affidavit, dated January 29, 2018, Gardner claims that he was one of the victims of the 2005 pool-hall robbery. *Id.* at 16. Later, when both he and Joyner were at Liberty Correctional Institute, Gardner overheard Joyner talking about the robbery and asked him if the robbery was at Monroe's Pool Hall in 2005. *Id.* When Joyner said it was, Gardner examined him "real close to see if he was the one with the shotgun that night" and concluded that Joyner was not one of the robbers that day. *Id.* Gardner further states that he left the pool hall because he did not want to get involved with the police and that he "heard" that another individual named "Skinny Pimp" was the robber. ECF Doc. 1 at 17.

Joyner states that, at trial, the only witness he called was an alibi witness and that his trial attorney never interviewed Gardner because Gardner was unavailable and counsel did not know the information that Gardner possessed. *Id*. at 9. Joyner asserts that he raised this claim through a Rule 3.850 motion in state court, but the state circuit court denied relief, he appealed the denial of the 3.850 motion in case number 1D19-2774, and the denial was affirmed, *per curiam*, on May 13, 2020. *Id.* at 10.

Petitioner also discloses in the petition form that he previously filed a federal petition in this Court attacking the same conviction, which was denied by the district court and the Eleventh Circuit. *Id.* at 14. Although Joyner does not identify his prior petition by case number, the Court takes judicial notice, based on a search of the

Case No. 4:20cv337-MW-HTC

electronic dockets for the Northern District of Florida, that the case is *Joyner v. Jones*, 4:13cv283-MW-CAS (N.D. Fla. 2013) (the "2013 Petition"). The 2013 Petition renders the instant petition successive.

## II. HABEAS RULE 4

Under Habeas Rule 4, "the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Thus, Rule 4 requires district courts to dismiss § 2254 petitions *sua sponte* and without ordering the Secretary to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020); *see also,* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). This screening procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Paez*, 947 F.3d at 653 (citing Habeas Rule 4 advisory committee notes).

A dismissal under Rule 4 may be appropriate both on the merits and a finding that the petition is procedurally barred. *See id.* at 649 (citing *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A district court may *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is 'clear from the face of the

Case No. 4:20cv337-MW-HTC

petition itself.'")); *McMillan v. Cooks*, 2018 WL 6835918, at *1 (S.D. Ala. Nov. 16, 2018) (dismissing petition under Rule 4 on grounds that court lacked jurisdiction over unauthorized second or successive petition); *Roberts v. Noe*, 2019 WL 1905176, at *1 (N.D. Ala. Apr. 15, 2019) (same).  In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the dockets of other courts and other cases.  *Paez*, 947 F.3d at 649 (Court records comply with the requirements of Federal Rule of Evidence 201, which permits a court to "judicially notice a fact that is not subject to reasonable dispute because it  . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (citing *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010)).

### III.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition.  Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas

Case No. 4:20cv337-MW-HTC

petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Joyner admits that in the 2013 Petition he challenged the same conviction at issue here.  *See* ECF Doc. 1 at 14; ECF Doc. 10 in 4:13-cv-00283-MW-CAS.[1]  Also, Joyner does not allege, nor is there any indication, that he has sought permission from the Eleventh Circuit to file the instant petition.  While Joyner's single ground for relief based on newly discovered evidence *may* support a successive petition, such a determination must be made by the Eleventh Circuit, not a district court.  *See In re Dailey*, 949 F.3d 553, 557 (11th Cir. 2020) (finding that numerically second petition based on allegation of newly discovered evidence was successive and required preauthorization from Eleventh Circuit); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper

---

[1] In the 2013 case, the Magistrate Judge issued a fifty-seven (57) page Report and Recommendation which denied the habeas petition on the merits and which was adopted by the District Judge.  ECF Doc. 35 in 4:13-cv-00283-MW-CAS (March 11, 2016), adopted by ECF Doc. 37.

Case No. 4:20cv337-MW-HTC

procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition").

In other words, Joyner must first seek authorization from the Eleventh Circuit to file a successive petition, even one based on newly discovered evidence. Without such authorization, this Court is without jurisdiction to entertain Joyner's petition.

## IV. CONCLUSION

### A. *Sua Sponte* Dismissal Is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard

Because the amended petition is an unauthorized successive petition, the petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)). This Report and Recommendation provides Joyner an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*,

144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")). Additionally, the undersigned will also direct the clerk to provide the Secretary and the Attorney General's office a copy of the petition and this Report and Recommendation so that the Secretary will also have an opportunity to respond to the Report and Recommendation. *See Paez*, 947 F.3d at 649.

### B.    An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether Joyner's petition is successive does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in entitling him to relief and is not warranted.

### C.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

Case No. 4:20cv337-MW-HTC

required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall serve a copy of the petition (ECF Doc. 1) and this Order and Report and Recommendation to the Respondent, Secretary of the Florida Department of Corrections, Mark Inch, by providing a copy of same to the Secretary and to the Florida Attorney General.  Despite such service of the petition, under Rule 4 of the Rules Governing § 2254 Cases and because the recommendation is that the

petition be dismissed, the Respondent may, but does not have to, file an answer, motion, or other response.

Additionally, it is respectfully RECOMMENDED:

1. That the petition, ECF Doc. 1, be DISMISSED under Habeas Rule 4.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of August, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.