IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14467-F
_____

IN RE: CARLTON JOYNER,

                                                                                                  Petitioner.

_____

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)
_____

Before: ROSENBAUM, NEWSOM, and LAGOA, Circuit Judges.

B Y   T H E   P A N E L:

      Pursuant to 28 U.S.C. § 2244(b)(3)(A), Carlton Joyner has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Such authorization may be granted only if:

      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that

the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

Joyner is a Florida prisoner serving a 30-year sentence for armed robbery with a firearm. In 2013, Joyner filed his original § 2254 petition, which the district court denied with prejudice after allowing him to amend it. At one point, Joyner moved to stay those proceedings, in relevant part attaching a 2008 post-trial statement from Ralph Monroe and a 2013 affidavit from Terry Burgess, both of whom had identified Joyner at trial as the perpetrator of the armed robbery.

In April 2020, Joyner filed a second § 2254 petition. That petition challenged Joyner's conviction on the ground that newly discovered evidence—an affidavit from Cecil Gardner, an alleged victim of the armed robbery Joyner was convicted of—could demonstrate Joyner's innocence. The district court dismissed Joyner's second petition for being an unauthorized second or successive petition, resulting in Joyner filing the present successive application.

Liberally construed, Joyner's application seeks leave to raise a single claim of actual innocence based upon the newly discovered evidence of Gardner's affidavit, which is dated January 29, 2018. Joyner contends that Gardner's testimony that Joyner did not commit the armed robbery he was convicted of contradicts the State witnesses who identified him and supports the alibi defense he presented at trial. Joyner asserts that Gardner's statements would probably produce an acquittal on retrial and that he could not previously discover Gardner through due diligence because Gardner did not want to be involved with the case or the courts and only recently came forward. Joyner further contends that he has evidence demonstrating that two of the State's witnesses—Monroe and Burgess—falsely identified him as the perpetrator of the

armed robbery at trial. That evidence, Joyner says, is Monroe's 2008 statement and Burgess's 2013 affidavit.

Joyner has not made a *prima facie* showing that his actual innocence claim meets the statutory criteria. *See Jordan*, 485 F.3d at, 1357-58. Assuming, *arguendo*, that Joyner could not have previously discovered Gardner as a witness through the exercise of due diligence, he still has not shown that Gardner's testimony "would be sufficient to establish by clear and convincing evidence that, *but for constitutional error*, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2)(B) (emphasis added). Specifically, Joyner does not contend that Gardner's testimony would establish that constitutional error occurred and, in fact, states that Gardner's previous unavailability was of his own choosing, not the result of constitutional error. *See In re Davis*, 565 F.3d 810, 823-34 (11th Cir. 2009) ("The statute undeniably requires a petitioner seeking leave to file a second or successive petition to establish actual innocence by clear and convincing evidence *and* another constitutional violation."). Lastly, the other two factual predicates supporting Joyner's actual innocence claim—Monroe's 2008 statement and Burgess's 2013 affidavit—were available to Joyner in 2013, and he submitted those documents in his initial § 2254 proceedings.

Accordingly, because Joyner has failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is DENIED.